**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



ALLIANCE FOR THE WILD ROCKIES,

Plaintiff-Appellant,

v.

CHRISTOPHER SAVAGE, Kootenai
National Forest Supervisor; et al.,

Defendants-Appellees.

No.     19-35035

D.C. No. 9:09-cv-00160-DWM

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Argued and Submitted October 25, 2019
Seattle, Washington

Before:  CLIFTON, IKUTA, and BENNETT, Circuit Judges.

Alliance for the Wild Rockies (Alliance) appeals the district court's 2018

order dissolving the permanent injunction against the Miller West Fisher Project

(Miller Project), and certain of the district court's rulings in its 2010 summary

judgment order.  We have jurisdiction under 28 U.S.C. §§ 1291 and 1292(a)(1).

---

[*]        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

The conclusion of the United States Forest Service (Forest Service) and the Fish and Wildlife Service (FWS) (collectively, the Agencies) that the Miller Project "may affect, but is not likely to adversely affect" grizzly bears in the Cabinet-Yaak recovery zone was not arbitrary and capricious. After the FWS issued a biological opinion and incidental take statement for the Forest Plan Amendments for Motorized Access Management (Access Amendments), the Agencies concluded that the Miller Project's effects fell within the range analyzed within these Endangered Species Act (ESA) documents. To the extent the Miller Project would impose effects beyond what was previously analyzed, the Agencies determined that those additional effects were "not likely to adversely affect" grizzly bears. Therefore, the Forest Service was not required to obtain a biological opinion specific to the Miller Project's activities that will occur in the Cabinet-Yaak recovery zone. *See Gifford Pinchot Task Force v. U.S. Fish and Wildlife Serv.*, 378 F.3d 1059, 1067–68 (9th Cir. 2004), *superseded on other grounds by* Definition of Destruction or Adverse Modification of Critical Habitat, 81 Fed. Reg. 7214 (Feb. 11, 2016).

We take judicial notice of *Alliance for the Wild Rockies v. Probert*, No. CV 18-67, 2019 WL 4889253 (D. Mont. Oct. 3, 2019), which held that the Agencies must reinitiate consultation regarding the implementation of the Access

Amendments because the Forest Service was exceeding the Access Amendments' incidental take statement in BORZ areas. *See* Fed. R. Evid. 201. Because the district court's 2018 order dissolving the permanent injunction was based in part on the Miller Project's compliance with the Access Amendments' incidental take statement in the Cabinet Face BORZ, *Probert*'s conclusion that the Forest Service is not complying with that incidental take statement in the BORZ area potentially undermines the district court's ruling.[1] We "may remand a case to the district court for further consideration when new cases or laws that are likely to influence the decision have become effective after the initial consideration." *White Mountain Apache Tribe v. State of Ariz., Dep't of Game & Fish*, 649 F.2d 1274, 1285–86 (9th Cir. 1981). Accordingly, we remand to the district court for the limited purpose of reconsidering whether the Miller Project complies with the ESA in the Cabinet Face BORZ. *See id.* This limited remand is without prejudice, meaning Alliance is not precluded from filing a new action in district court challenging the

---

[1] *Probert* is limited to the Access Amendments' environmental effects in BORZ areas. *See* 2019 WL 4889253, at *6. Therefore, *Probert* does not cast doubt on the district court's dissolution of the permanent injunction against the Miller Project's activities that will occur in the Cabinet-Yaak recovery zone.

3

Forest Service's environmental compliance. We will retain jurisdiction over any subsequent appeals.[2]

We reject Alliance's argument that the Forest Service's analysis of the Miller Project does not comply with the National Environmental Policy Act (NEPA). In preparing the environmental impact statement (EIS) and supplemental EIS for the Miller Project, the Forest Service aggregated the impacts of road closure breaches into its analysis of the environmental baseline, and concluded that road closure breaches were not a fundamental factor. Alliance has pointed to no evidence in the record that the Miller Project will increase the frequency of road closure breaches. Therefore, the Forest Service could reasonably conclude it was not required to provide a separate analysis of the cumulative impacts of road closure breaches. *See League of Wildnerness Defs./Blue Mountains Biodiversity Project v. Connaughton*, 752 F.3d 755, 762 (9th Cir. 2014).

**AFFIRMED IN PART; REMANDED IN PART.**[3]

---

[2] Alliance's motions to take judicial notice are DENIED (Docket Entry Nos. 13 and 43). The Agencies' motion to submit a declaration is DENIED (Docket Entry No. 54).

[3] Each party shall bear its own costs.